IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-63,905-01 & -02






EX PARTE JEROME DUPREE DURHAM, Applicant








ON APPLICATIONS FOR WRIT OF HABEAS CORPUS IN


CAUSE NOS. 29486 & 29487 IN THE 13TH DISTRICT COURT


OF NAVARRO COUNTY






 Per curiam.



O R D E R




 These are post-conviction applications for writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07, § 3. Applicant was convicted of
possession of more than four ounces of marihuana in a drug-free zone and of possession
in a drug-free zone of more than four grams of cocaine with intent to deliver. Punishment
was assessed at confinement for five years and ten years, to be served consecutively. No
appeal was taken from these convictions.

 Applicant contends that his guilty pleas were involuntary and his trial counsel was
ineffective because counsel advised him that if he pled guilty to these charges Applicant
would receive shock probation, but that the trial court denied the motion for shock
probation. The trial court has entered findings of fact that Applicant was not eligible for
shock probation and that counsel's actions did not prevent Applicant from receiving
shock probation. However, those findings do not address whether counsel incorrectly
advised Applicant that he would receive shock probation if he pled guilty, or whether
Applicant would have entered guilty pleas if he was not told that he would receive shock
probation.

 Because Applicant has stated facts requiring resolution and because this Court
cannot hear evidence, it is necessary for the matter to be remanded to the trial court for
resolution of those issues. The trial court may resolve those issues as set out in Tex.
Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits, depositions, or
interrogatories from Applicant's trial counsel or it may order a hearing. In the appropriate
case the trial court may rely on its personal recollection. 

 If the trial court elects to hold a hearing, it shall first decide whether Applicant is
indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following the receipt of additional information the trial court shall make findings
of fact as to what counsel advised Applicant concerning the terms of his plea agreement,
and whether Applicant pled guilty with the belief that he would receive shock probation. 
The trial court shall also make any further findings of fact and conclusions of law which
it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application for post-conviction writ of habeas corpus will be held in abeyance
pending the trial court's compliance with this order. Resolution of the issues shall be
accomplished by the trial court within 90 days of the date of this order. (1) A supplemental
transcript containing any affidavits, exhibits, or transcription of the court reporter's notes
from any evidentiary hearing, along with the trial court's supplemental findings of fact
and conclusions of law, shall be returned to this Court within 120 days of the date of this
order. (2) 




FILED: March 29, 2006

DO NOT PUBLISH

1. [1] In the event any continuances are granted, copies of the order granting the
continuance should be provided to this Court.
2. [2] Any extensions of this time period should be obtained from this Court.